[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10846
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00039-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN LOPEZ-HERRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 17, 2012)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Ruben Lopez-Herrera appeals his 40-month sentence, imposed after he pled

guilty to being a previously deported alien who unlawfully re-entered the United

States, in violation of 8 U.S.C. § 1326(a) and (b)(2).  This sentence was a downward variance of six months from the low-end of the applicable guideline range.  On appeal, Lopez-Herrera argues that his sentence was substantively unreasonable in light of the factors in 18 U.S.C. § 3553(a).  After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps.  Id. at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  The district

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

The party who challenges the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Lopez-Herrera has not carried his burden of demonstrating that his sentence was substantively unreasonable.[2] For starters, the court's sentence of 40 months' imprisonment was below the lowest end of the applicable guideline range of 46 to 57 months. This sentence was also well below the 20-year statutory maximum penalty. See id.

Moreover, the sentence met the goals encompassed within 18 U.S.C. § 3553(a). Although the district court did not explicitly articulate that it had considered the § 3553(a) factors, it is not required to do so, see Scott, 426 F.3d at 1329, and in any

---

[2] Lopez-Herrera raises no challenge to the procedural reasonableness of his sentence, and accordingly, he has waived any claim in this respect. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised in an initial brief on appeal are deemed abandoned).

4

event, the record reflects that by considering Lopez-Herrera's objections and his request for a downward variance, the court did, in fact, consider a number of the sentencing factors. At the sentencing hearing, Lopez-Herrera argued at length that the factors in § 3553(a) warranted a sentence well below the guideline range. Lopez-Herrera stressed his original involuntary entry into the United States, his remarkable work history, and the circumstances surrounding his conviction for alien smuggling. Lopez-Herrera further brought to the court's attention his plan to go back to Mexico and work for his father. The government argued at length that the factors in § 3553(a) warranted a sentence within the guideline range, based on the inherently dangerous nature of illegal smuggling, the need for public safety, and the fact that Lopez-Herrera seemed to show no respect for the law and needed a longer sentence for deterrence purposes.

Because the § 3553(a) factors were implicitly weighed by the district court, and because these factors support the below-guidelines sentence imposed in this case, Lopez-Herrera has not shown that the district court's sentence of 40 months' imprisonment was substantively unreasonable. This is especially true given that the weight to be given any particular § 3553(a) factor is left to the sound discretion of the district court, absent a clear error of judgment. Irey, 612 F.3d at 1190. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**